IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| NLMK PENNSYLVANIA, LLC, and NLMK INDIANA, LLC, | Case No. 2:21-cv-00273-WSS |
| *Plaintiffs*, | Hon. William S. Stickman |
| v. | Electronically Filed |
| UNITED STATES STEEL CORPORATION, | |
| *Defendant*. | |

**UNITED STATES STEEL CORPORATION'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO REMAND**

United States Steel Corporation ("U. S. Steel") submits this Response and the accompanying Memorandum of Law in opposition to Plaintiffs' March 18, 2021 Motion to Remand (Dkt. 18). For the reasons set forth in the accompanying Memorandum, which is incorporated herein, Plaintiffs' Motion to Remand should be denied. U. S. Steel properly removed this case from the Allegheny County Court of Common Pleas pursuant to 28 U.S.C. §§ 1331, 1355, 1441, 1442, and 1446.

1. Plaintiffs sue based on allegations that U. S. Steel's conduct in Commerce's Section 232 process caused Commerce to wrongfully deny tariff exclusions to which Plaintiffs were entitled. According to the Complaint, U. S. Steel misled the Department of Commerce into wrongfully denying tariff exclusions to which Plaintiffs were entitled, causing Plaintiffs to pay unwarranted tariffs. *See* Complaint, Dkt. 1-2, ¶¶ 8, 87-90 ("Compl."). That claim lacks merit; U. S. Steel provided truthful information to Commerce in full compliance with applicable regulations, and Plaintiffs were never entitled to the exclusions they sought. Regardless, Plaintiffs' claims belong in federal court for three reasons.

2. *First,* federal jurisdiction is proper because the Complaint "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain

without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.,* 545 U.S. 308, 314 (2005). Plaintiffs do not dispute that this case necessarily raises disputed federal questions. And as explained in U. S. Steel's Notice of Removal, those federal questions are of substantial importance: the Complaint is a thinly-veiled attack on not only specific Commerce decisions but also administration of the Section 232 tariffs in general. Moreover, there is no risk that hearing this case in a federal forum will disturb the federal-state balance, as these uniquely federal interests will rarely arise in state tort cases. This Court therefore has jurisdiction over the Complaint under 28 U.S.C. § 1331.

3. *Second,* federal jurisdiction is proper because NLMK's state-law claim is completely preempted by federal law. *See Beneficial Nat. Bank v. Anderson,* 539 U.S. 1, 8 (2003). The fundamental interest Plaintiffs assert through this suit is their purported entitlement to tariff exclusions they were denied by Commerce. But that interest cannot properly be vindicated through a state-law cause of action. Instead, Plaintiffs had—and in fact pursued—a federal cause of action to seek review of Commerce's decisions. See 5 U.S.C. § 702; 28 U.S.C. § 2631(i); *NLMK v. United States,* Case No. 20-00050, Dkt. 63 (C.I.T. Nov. 12, 2020). Because Congress intended that process to be exclusive, and because the interests implicated in this case are uniquely federal, that cause of action completely preempts this state-law claim. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 207-08 (2004).

4. *Third*, 28 U.S.C. § 1442(a)(1) permits removal when state litigation challenges actions taken to assist a federal agency. The Section 232 tariffs at issue in this case were imposed by Presidential Proclamation based on federal interests in national security and regulating foreign commerce. To further those interests, the President also authorized

Commerce to allow exclusions from the tariffs for certain identified reasons. Commerce had discretion over how to review exclusion requests, and opted to seek assistance from domestic producers by inviting participation in an adversarial process. U. S. Steel accepted that invitation and provided information in response to specific questions posed by Commerce following procedures developed by Commerce. State-law claims based on that conduct threaten interference with a federal program and are removable pursuant to Section 1442(a)(1).

5. None of the arguments in Plaintiffs' Motion to Remand or supporting brief defeat federal jurisdiction. While Plaintiffs attempt to frame this case as simple dispute over U. S. Steel's production capacity, that framing is belied by both the Complaint itself and the public record. This case will turn on the validity, construction, and effect of federal regulations governing Commerce's process for reviewing exclusion requests. Those issues belong in federal court.

6. For the foregoing reasons, and as explained in more detail in U. S. Steel's Memorandum, U. S. Steel's removal was proper, and Plaintiffs' Motion to Remand should be denied.

A proposed order is attached.

| | |
|---|---|
| Dated: April 9, 2021 | Respectfully submitted,<br><br> /s/ *Andrew R. Stanton* |
| | Andrew R. Stanton (Pa. #93409) |
| Leon F. DeJulius, Jr. (Pa. #90383) | Roy Powell (Pa. #37487) |
| Kelly C. Holt (Mass. #703505)* | Tarek Abdalla (Pa. #59924) |
| JONES DAY | Simone DeJarnett (Pa. #321045) |
| 250 Vesey Street | JONES DAY |
| New York, NY 10281 | 500 Grant Street, Suite 4500 |
| Tel: (212) 326-3939 | Pittsburgh, PA 15219 |
| Fax: (212) 755-7306 | Tel: (412) 391-3939 |
| lfdejulius@jonesday.com | Fax: (412) 394-7959 |
| kholt@jonesday.com | astanton@jonesday.com |
| *Admitted pro hac vice* | rapowell@jonesday.com |
| | tabdalla@jonesday.com |
| | sdejarnett@jonesday.com |
| | |
| | *Counsel for Defendant U. S. Steel* |

# CERTIFICATE OF SERVICE

I hereby certify that this 9th day of April, 2021, I caused United States Steel Corporation's Response In Opposition To Plaintiffs' Motion to Remand to be filed over the Court's electronic filing system, which will cause service to be made on all counsel of record.

      /s/ *Andrew R. Stanton*
Andrew R. Stanton
*Counsel for U. S. Steel*